IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                    CASE #: 1:14-MJ-00001-DAS

DANNY EARL STARKS            18 U.S.C. § 242

## PLEA AGREEMENT

The United States Department of Justice, Civil Rights Division hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. The defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1.      GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Information, which charges deprivation of rights under color of law in violation of Title 18, United States Code, Section 242, and which carries maximum possible penalties of a $100,000 fine, one year imprisonment, one year supervised release, and a special assessment of $25.

2.      OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3.      RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4.      BREACH OF THIS AGREEMENT AND FURTHER CRIMES: It is further understood that should the defendant fail or refuse as to any part of this plea agreement or

breach of this plea agreement and defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the Government has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which the Government has knowledge.

If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

5. WAIVERS: Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of defendant's rights to remain silent, to trial by jury, to subpoena witnesses on defendant's own behalf, to confront the witnesses against defendant, and to appeal the conviction and sentence, in exchange for the United States entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights:

    a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

    b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding

claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

c. any right to seek attorneys fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by defendant or by defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial. Nothing in this plea agreement restricts the Court's or Probation Office's access to information and records in the possession of the United States.

Defendant waives these rights in exchange for the Government entering into this plea agreement and accompanying plea supplement.

Should the Court not accept this recommendation, the defendant will be bound by the plea agreement and will have no right to withdraw the guilty plea. Otherwise, there is no agreement as to the sentence to be imposed, which will be in the Court's sole discretion, subject to the now-advisory Federal Sentencing Guidelines and to any statutory minimums, which have been explained to the defendant by the defendant's attorney. Both parties reserve their right to speak at sentencing.

The foregoing, including the separate filing entitled Plea Agreement, constitutes the only agreement between the parties pertaining to the defendant's guilty plea.

JOCELYN SAMUELS
ACTING ASSISTANT ATTORNEY GENERAL
Civil Rights Division

By: _____
SHELDON L. BEER
Trial Attorney
Civil Rights Division

AGREED AND CONSENTED TO:

_____
DANNY EARL STARKS
Defendant

APPROVED:

_____
JEFFERY M. NAVARRO
Attorney for Defendant
Mississippi Bar No.: